**In the Matter of Frank W. HOGAN, Respondent.**

**No. 49S00–1403–DI–150.**

Supreme Court of Indiana.

April 3, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent commingled personal funds, his client funds, and funds of his law firm in an attorney trust account. From January through April

2013, Respondent made 46 disbursements from the trust account for personal or business purposes. Because he kept insufficient records, he is unable to identify the source, payee, and/or client beneficiary of five disbursements from his trust account. During this same time period, Respondent made approximately 23 cash withdrawals from his trust account, and he made approximately 14 disbursements from his trust account via electronic transfer.

The parties cite the following facts in aggravation: (1) Respondent has substantial experience in the practice of law; and (2) Respondent's actions were part of a pattern of misconduct. The parties cite the following facts in mitigation: (1) Respondent has fully cooperated with the Commission; and (2) Respondent has no disciplinary history.

**Violations:** The parties agree that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rule. 15(a): Commingling client and attorney funds and failure to maintain complete records of client trust account funds and keep them for a period of five years after termination of the representation.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failure to create or retain sufficiently complete trust account records.

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

23(29)(a)(5): Making cash withdrawals from a trust account and making withdrawals from a trust account using a debit card.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, effective date of this order, all stayed subject to completion of 18 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) The suspension will all be conditionally stayed subject to successful completion of **18 months of probation,** the terms of which will include maintaining his trust account consistent with the practices set forth in "Trust Account Management: Handling Client and Third Party Funds," and monitoring of his trust account by a Certified Public Accountant approved by the Commission, who will make quarterly reports to the Commission.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation. If his probation is revoked, the stayed suspension shall be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the

Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., who did not participate.